IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

MAR 0 5 2024

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

OSCAR CONTRERAS
DIEN TRUONG
CLAIRE FISHER
RAFAEL MOLINA
ARIEL PORTILLO

Criminal No. 2:24-cr-56

**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a ten-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT(S) | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| One | Conspiracy to Distribute and Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>From January 2020 and continuing thereafter to February 2024 | 21 U.S.C. § 846 | CONTRERAS (500 grams or more) TRUONG (500 grams or more) FISHER (quantity) PORTILLO (quantity) |

| Two | Conspiracy to Commit Money Laundering<br><br>From May 2021 and continuing thereafter to November 2023 | 18 U.S.C. § 1956(h) | CONTRERAS<br>TRUONG<br>FISHER<br>MOLINA |
| --- | --- | --- | --- |
| Three and Ten | Distribution of a Quantity of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>January 2022 through February 2022 (Count Three)<br>February 2024 (Count Ten) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | CONTRERAS |
| Four through Nine | Distribution of 50 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine<br><br>May 2022 (Count Four)<br>February – March 2023 (Count Five)<br>April 2023 (Count Six)<br>May 2023 (Count Seven)<br>July – August 2023 (Count Eight)<br>January 2024 (Count Nine) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) | CONTRERAS |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of conspiracy to distribute and possess with the intent to distribute 500 grams or more (CONTRERAS, TRUONG) or a quantity (FISHER, PORTILLO) of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, to be established, the government must prove the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to distribute and possess with the intent

2

to distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That methamphetamine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5. For defendants CONTRERAS and TRUONG, that the amount of the mixture or substance containing a detectable amount of methamphetamine was 500 grams or more (21 U.S.C. § 841(b)(1)(A)(viii)) (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B. As to Count Two:**

In order for the crime of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove the following essential elements beyond a reasonable doubt:

1. That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

2. That the defendant knew the purpose of the conspiracy.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

3.      That the defendant deliberately joined the conspiracy.

United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

## C.      As to Counts Three and Ten:

In order for the crime of distribution of a quantity of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That on or about the date set forth, the defendant distributed the controlled substance charged in the Indictment.

United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.      That the defendant did so knowingly and intentionally.

United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.      That methamphetamine is a Schedule II controlled substance.

21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

## D.      As to Counts Four through Nine:

In order for the crime of distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

4

1.  That on or about the date set forth, the defendant distributed the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2.  That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3.  That methamphetamine is a Schedule II controlled substance.

> 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003).

4.  That the mixture or substance containing a detectable amount of methamphetamine was 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A.  As to Count One (as to CONTRERAS and TRUONG): Conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846):**

1.  A term of imprisonment of not less than ten (10) years to a maximum of life.

2.  A fine not to exceed $10,000,000.

3.  A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.  A term of imprisonment of not less than fifteen (15) years to a maximum of life.

2.    A fine not to exceed $20,000,000.

3.    A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

1.    A term of imprisonment of at least 25 years to a maximum of life.

2.    A fine not to exceed $20,000,000.

**B.    As to Count One (as to FISHER and PORTILLO):  Conspiracy to distribute and possess with the intent to distribute a quantity of mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. § 846); and Counts Three and Ten: Distribution of a quantity of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.    A term of imprisonment of not more than twenty (20) years.

2.    A fine not to exceed $1,000,000.

3.    A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than thirty (30) years.

2.    A fine not to exceed $2,000,000.

3.    A term of supervised release of at least six (6) years.

**C.    As to Count Two: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):**

1.    A term of imprisonment of not more than twenty (20) years;

2.    A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

6

3.      If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

**D.      As to Counts Four through Nine: Distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)):**

1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2.      A fine not to exceed $5,000,000.

3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

2.      A fine not to exceed $8,000,000.

3.      A term of supervised release of at least eight (8) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316